UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| LUCINDA ANN LOVETT,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>    Defendant. | Case No. 14-cv-00811-NJV<br><br>**ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 16 & 20 |

## INTRODUCTION

Plaintiff Lucinda Ann Lovett seeks judicial review of an administrative law judge ("ALJ") decision denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. Plaintiff's request for review of the ALJ's unfavorable decision was denied by the Appeals Council. Thus, the decision became the "final decision" of the Commissioner of Social Security, which this court may review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties have consented to the jurisdiction of a magistrate judge. Docs. 7 & 8. The court therefore may decide the parties' cross-motions for summary judgment. For the reasons stated below, the court will deny Plaintiff's motion for summary judgment, and grant Defendant's motion for summary judgment.

## LEGAL STANDARDS

The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). A district court has a limited scope of review and can only set

aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## DISCUSSION

### I. SUMMARY OF RELEVANT EVIDENCE[1]

In 2006 through 2008, Lovett underwent several lumbar epidural injections for increasingly severe back pain. AR. 490-494. Migraine headaches occurring approximately once a month were treated in early 2007. Diagnoses at that time also included obesity, gastritis, and bronchitis. AR. 344. By January 18, 2007, Plaintiff reported that walking was limited to fifteen to thirty minutes, and sitting was limited to thirty to sixty minutes. AR. 346. X-rays of her lumbar spine dated September 19, 2007, showed scoliosis and multilevel degenerative changes, and diffuse anterior marginal spurring with multilevel bridging was noted. AR. 440. A lumbar spine MRI dated January 28, 2009, showed levoscoliosis and multilevel degenerative changes. AR. 430-431. Plaintiff was referred to an orthopedic surgeon on February 2, 2009 (AR. 313), and two lumbar spine surgeries were performed at UCSF, on August 25, 2009, and August 26, 2009. AR. 449-456, 487-489.

---

[1] Plaintiff provided a summary of the medical evidence with her Motion. Defendant did not. Neither did Defendant challenge Plaintiff's summary of the facts. Accordingly, pursuant to Rule 56(e)(2), the court considers the facts presented by Plaintiff in her summary to be undisputed and adopts them here.

2

## II. THE FIVE STEP SEQUENTIAL ANALYSIS FOR DETERMINING DISABILITY

A person filing a claim for social security disability benefits ("the claimant") must show that she has the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or is expected to last for twelve or more months. 20 C.F.R. §§ 416.920(a)(4)(ii), 416.909. The ALJ must consider all evidence in the claimant's case record to determine disability (*Id*. § 416.920(a)(3)), and must use a five-step sequential evaluation to determine whether the claimant is disabled (*Id*. § 416.920). "[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983).

Here, the ALJ evaluated Plaintiff's application for benefits under the required five-step sequential evaluation. AR. 34-42:

The ALJ determined that Plaintiff last met the insured status requirements of the Act on March 31, 2008. This date then becomes the "date last insured" or, "DLI". Because the alleged onset date was June 1, 2007, the relevant time period for the ALJ's consideration was between June 1, 2007 and March 31, 2008.

At Step One, the claimant bears the burden of showing she has not been engaged in "substantial gainful activity" from the alleged date the claimant became disabled through the DLI. 20 C.F.R. § 416.920(b). If the claimant has worked and the work is found to be substantial gainful activity, the claimant will be found not disabled. *Id*. The ALJ found that while Plaintiff had worked as a gardener at a nursery and a child monitor at a daycare, the work did not reach the substantial gainful activity level and, therefore, Plaintiff had not engaged in substantial gainful activity during the relevant time period. AR. 36.

At Step Two, the claimant bears the burden of showing that she has a medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii), (c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting S.S.R. No. 96–3(p) (1996)). The ALJ found that, through the DLI, Plaintiff suffered the following severe impairments: degenerative disk disease of the

1   lumbar spine; idiopathic scoliosis; and plantar fasciitis.  AR. 37.

2        At Step Three, the ALJ compares the claimant's impairments to the impairments listed in
3   appendix 1 to subpart P of part 404.  *See* 20 C.F.R. § 416.920(a)(4)(iii), (d).  The claimant bears
4   the burden of showing her impairments meet or equal an impairment in the listing.  *Id*.  If the
5   claimant is successful, a disability is presumed and benefits are awarded.  *Id*.  If the claimant is
6   unsuccessful, the ALJ assesses the claimant's residual functional capacity ("RFC") and proceeds
7   to Step Four.  *Id*. § 416.920(a)(4)(iv), (e).  Here, the ALJ found that Plaintiff did not have an
8   impairment or combination of impairments that met or medically equaled one of the listed
9   impairments.  AR. 37.  Next, the ALJ determined that Plaintiff retained the RFC "to perform light
10  work . . . except with no climbing, balancing, stooping, kneeling, couching or crawling."  AR. 37.

11       At Step Four, and pursuant 20 C.F.R. 416.920(a)(4)(iv),(e), the ALJ determined that
12  Plaintiff had no past relevant work activities.  AR. 41.

13       At Step Five, the ALJ found that considering Plaintiff's age of 52, education level, work
14  experience, and RFC, and after consulting with a vocational expert, that "there were that existed in
15  significant numbers in the national economy that [Plaintiff] could have performed."  *Id*.
16  Specifically the ALJ identified the following jobs: "cashier II;" and "mail clerk."  *Id*.  Accordingly
17  the ALJ determined that Plaintiff had "not been under a disability, as defined in the Social
18  Security Act, from June 1, 2007, the alleged onset date, through March 31, 2008, the date last
19  insured."  AR. 42.

20  **IV.   ISSUE PRESENTED**

21       Plaintiff presents a single issue for this court's review of the ALJ's decision: whether the
22  ALJ failed "to adequately develop the case by not properly determining the date of the onset of
23  disability."  Pl.'s Mot. Doc. 16 at 2.

24  **V.    DISCUSSION**

25       Plaintiff argues that the ALJ "failed to properly develop the issue of when [Plaintiff]
26  became disabled."  Pl.'s Mot. (Doc. 16) at 4.  More specifically, Plaintiff points the court to the
27  physical RFC assessment prepared on September 13, 2010, by treating physician Dr. Holst.  In the
28  RFC assessment, Dr. Holst opined that Plaintiff could perform less than sedentary work.  AR. 585-

4

88. The ALJ gave that assessment great weight, but noted that the assessment was made long after the DLI and did not indicate the status of Plaintiff's condition during the relevant time period. Plaintiff asserts that this creates an ambiguity in the record, to which the ALJ had a duty to resolve. The Commissioner appears a bit perplexed by Plaintiff's argument and answers it with a discussion on the proper rejection of a treating physician's opinion.

"The ALJ in a social security case has an independent 'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Tonapetyan v. Halter,* 242 F.3d 1144, 1151 (9th Cir.2001) (quoting *Smolen v. Chater,* 80 F.3d 1273, 1288 (9th Cir. 1996)). The ALJ's duty to develop the record is "triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

The court disagrees with Plaintiff as to whether Dr. Holst's RFC assessment creates an ambiguity which would trigger the ALJ's duty to develop the record beyond what was already developed. The ALJ's notation that Dr. Holst's assessment "does not indicate the status of [Plaintiff's] condition prior to her DLI," AR. 40, speaks to the assessment's relevance, not its ambiguity. There is nothing ambiguous about the assessment and there is no conflict. The assessment was completed over two years after the date last insured. As the ALJ stated in the decision, "the comprehensive evidence leading up to the alleged onset date through the date last insured and even afterwards . . . fails to support greater restrictions than those assessed." AR. 38. The ALJ discussed the lumbar steroid treatments Plaintiff received from 2006-2009 that appeared to provide good relief. The ALJ also noted that Plaintiff's orthopedic impairments significantly worsened in mid-2009, which resulted in back surgery and complications. Those events took place after the date last insured. Dr. Holst's treatment of Plaintiff during the relevant time period, which the ALJ discussed in the decision, occurred in September of 2007. Dr. Holst referred Plaintiff to Dr. Fischel for spinal injections and ordered x-rays. Plaintiff's medical records, following her first visit to Dr. Holst through the end of 2008, show that she received the injections which provided relief. *See* AR. 328. In other words, there is nothing in the medical records including those from Dr. Holst from which he could have reasonably opined that Plaintiff was

disabled during the relevant time period. Dr. Holst's rendered his opinion regarding Plaintiff's RFC in 2010, after her problems significantly worsened in 2009, which required surgeries, which resulted in complications. There is no inconsistency and no ambiguity in Dr. Holst's assessment and nothing that triggered the ALJ's duty to further develop the record.

Accordingly, the court finds no error and the Commissioner's request for summary judgment is GRANTED and Plaintiff's request for summary judgment is DENIED.

A separate judgment shall issue.

**IT IS SO ORDERED**.

Dated: July 2, 2015

_____
NANDOR J. VADAS
United States Magistrate Judge